UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL GADDY,

        Plaintiff,

vs.

R.E. BARNES, et. al.,

        Defendants.

No. C 14-1642 PJH (PR)

**ORDER ON MOTIONS**

    Plaintiff, a state prisoner at Pelican Bay State Prison proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. This action continues against Dr. Adams who allegedly discontinued a chrono that had prevented correctional officers from handcuffing plaintiff's arms behind his back due to a shoulder injury. Plaintiff was unable to have the chrono restored. A month later correctional officers handcuffed plaintiff with his arms behind his back and his shoulder popped out of the socket which caused a great deal of pain. These events occurred in June to August, 2013.

    Defendant has filed a motion for summary judgment that raises the defense of qualified immunity. Plaintiff has filed several motions to compel discovery and defendant has filed a motion to stay discovery pending the ruling on the qualified immunity argument.

**Discovery**

    A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of

his motion to compel and for each disputed response, why defendants' objections are not justified or why the response provided is deficient.

Plaintiff has brought three motions to compel. Docket Nos. 15, 21, 25. In the first motion to compel, plaintiff states that he seeks missing pages from a response provided by defendant and he seeks answers to other interrogatories that were not answered. The exact documents that plaintiff seeks or the interrogatories he seeks is not clear. While plaintiff has attached forty pages of exhibits that appear to include all of his requests, the court cannot determine what plaintiff is requesting. This motion is denied.

Plaintiff's second motion to compel seeks the production of all documents and evidence that refer to the medical treatment of plaintiff's left shoulder. His third motion to compel seeks medical records and x-rays from 2007. Plaintiff has been incarcerated since 1993. It also appears that plaintiff's shoulder was treated in 2007 and 2008 and he received many x-rays and a MRI. The underlying events for this case occurred in 2013. While the events in 2007 and 2008 may be related, plaintiff's request in the second motion to compel is far too broad. Plaintiff also indicates that defendant provided 1324 pages of medical documents so it appears that defendant has attempted to answer plaintiff's request. Though, plaintiff argues that the 2007 shoulder information was not included. However, plaintiff's opposition to the motion for summary judgment contains several dozen pages of medical documents from 2007 and 2008 regarding his shoulder, thus, plaintiff has obtained the documents. Because plaintiff's motions to compel are vague, overly broad, and as he received 1324 pages of medical documents from defendant and has documents related to 2007 and 2008, the motions to compel are denied.

Moreover, a district court should stay discovery until the threshold question of qualified immunity is settled. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). Defendant has filed a motion for summary judgment that raises qualified immunity, therefore, discovery is stayed until the motion has been addressed. If qualified immunity is denied, plaintiff may seek further discovery. The motion for summary judgment was fully briefed on January 16, 2015, and

will be addressed in due course.

**Appointment of Counsel**

Plaintiff has also requested the appointment of counsel. There is no constitutional right to counsel in a civil case, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and although district courts may "request" that counsel represent a litigant who is proceeding in forma pauperis, as plaintiff is here, *see* 28 U.S.C. § 1915(e)(1), that does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has presented his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel will be denied.

**Conclusion**

1. Plaintiff's motions to compel (Docket Nos. 15, 21, 25) are **DENIED**.

2. Defendant's motion to stay discovery pending the ruling on qualified immunity (Docket No. 19) is **GRANTED** and discovery is **STAYED**.

3. Plaintiff's motion for an extension for discovery (Docket No. 20) is **DENIED**.

4. Plaintiff's motion for an extension to file his opposition to summary judgment (Docket No. 24) is **GRANTED** and the opposition is deemed timely filed.

5. Plaintiff's motion to appoint counsel (Docket No. 16) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 29, 2015.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.14\Gaddy1642.discovery.wpd

3